J-S56003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYLER JASON MINNGIA | |
| Appellant | No. 454 MDA 2014 |

Appeal from the PCRA Order February 14, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000024-2010

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 30, 2014**

Appellant, Tyler Jason Minngia, appeals from the order entered February 14, 2014, by the Honorable Thomas G. Parisi, Court of Common Pleas of Berks County, which denied Minngia's Post Conviction Relief Act[1] petition.  Additionally, Minngia's court-appointed counsel, Osmer S. Deming, Esquire, has filed an application to withdraw as counsel.   After careful review, we affirm the trial court's order and grant Attorney Deming's application to withdraw as counsel.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 PA.CONS.STAT.ANN. § 9541, *et seq*.

Following a jury trial on March 14, 2011, Minngia was convicted of Burglary, 18 PA.CONS.STAT.ANN. § 3502(a), Criminal Trespass, 18 PA.CONS.STAT.ANN. § 3503(a)(1)(ii), Receiving Stolen Property, 18 PA.CONS.STAT.ANN. § 3925(a), Recklessly Endangering Another Person, 18 PA.CONS.STAT.ANN. § 2705, and Conspiracy, 18 PA.CONS.STAT.ANN. § 903(a)(1). Minngia was subsequently sentenced by the trial court on March 15, 2011 to an aggregate period of not less than 5½ nor more than 15 years' imprisonment to run consecutive to a prior sentence imposed at docket no. CP-06-CR-59-2009. No post-sentence motions were filed. On appeal, this Court affirmed Minngia's judgment of sentence. **See Commonwealth v. Minngia**, 40 A.3d 198 (Pa. Super., filed Dec. 20, 2011) (Table).

On January 10, 2013, Minngia filed a *pro se* PCRA petition. The PCRA court subsequently appointed counsel, and on September 30, 2013, counsel filed an amended PCRA petition. Following a hearing held on December 16, 2013, the PCRA court dismissed Minngia's petition. **See** Order, 2/14/14. This timely appeal followed.

Preliminarily, we note that, while Minngia's court-appointed counsel has submitted an **Anders**[2] brief, which is procedurally proper for counsel

_____

[2] **Anders v. California**, 386 U.S. 738 (1967).

seeking to withdraw on *direct* appeal. This appeal, brought after the denial of his PCRA petition, is a *collateral* appeal.

Pennsylvania law requires counsel seeking to withdraw from representing a petitioner under the PCRA to file a 'no-merit' letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*). **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003). However, this Court has held that, "because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Accordingly, we will now proceed to determine whether counsel's motion to withdraw meets the criteria required under a **Turner/Finley** analysis.

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner**, **supra** and **Finley**, **supra** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court— trial court or this Court—must then conduct its own review of the

- 3 -

merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the foregoing procedural requirements. Accordingly, we will proceed to examine whether any of the issues counsel raises on appeal are of merit:

I. Was the appellant's trial counsel ineffective for failing to adequately cross[-]examine Kimberly Weni[]ger and failing to impeach her testimony?

II. Was there prosecutorial misconduct on the part of the Commonwealth for failing to disclose that witness Henry Caraballo pleaded guilty prior to trial in exchange for a promise of a lenient sentence for testifying?

III. Was Appellant's appellate counsel ineffective for failing to file ineffective assistance of trial counsel on Appellant's direct appeal?

***Anders*** brief at 6 (unnecessary capitalization omitted).

We review the lower court's denial of a PCRA petition as follows. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level."

*Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 PA.CONS.STAT.ANN. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 PA.CONS.STAT.ANN. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Preliminarily, we note that Minngia's second issue on appeal alleging prosecutorial misconduct is waived because it was not raised at trial or on direct appeal. Section 9544(b) of the PCRA states that, "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 PA.CONS.STAT.ANN. § 9544(b). Minngia could have raised his allegation of prosecutorial misconduct at trial or on direct appeal, but did not do so. Therefore, this issue is waived.[3]

We review Minngia's remaining claims of ineffective assistance of counsel as follows:

_____

[3] Minngia notably does not allege that counsel was ineffective for failing to object to the alleged prosecutorial misconduct, nor does the record support such an assertion.

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." **Commonwealth v. Springer**, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008). "This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective." **Commonwealth v. Natividad**, 595 Pa. 188, 208, 938 A.2d 310, 322 (2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." **Id**., 595 Pa. at 207-208, 938 A.2d at 321.

Minngia first argues that trial counsel was ineffective for failing to adequately cross-examine witness Kimberly Weniger. Specifically, Minngia claims that trial counsel failed to effectively impeach the witness's testimony by showing her previous inconsistent statements that she allegedly made to the police regarding her involvement in the burglary. **See Anders** brief at 13.

Pennsylvania Rule of Evidence 613(a) provides the following guidance on impeachment by prior inconsistent statement:

> **Witness's Prior Inconsistent Statement to Impeach.** A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility. *The statement need not be shown or its contents disclosed to the witness at that time*, but on request the statement or contents must be shown or disclosed to an adverse party's attorney.

Pa.R.E. 613(a) (emphasis added). Based on the clear language of the rule, trial counsel is under no obligation to show or otherwise confront the witness with the contents of the prior inconsistent statement attributed to the witness. We therefore cannot find trial counsel ineffective for failing to do something he was under no obligation to do. We further note that our review of the trial transcript reveals counsel aptly cross-examined the witness regarding her prior inconsistent statements to police without showing the witness the content her prior statements. **See** N.T., Trial, 3/14/11 at 125-129. Accordingly, this claim fails.

Lastly, Minngia argues that appellate counsel was ineffective for failing to raise allegations of ineffective assistance of trial counsel on direct appeal. **See Anders** brief at 21-22. At the time of the direct appeal, it was well established that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **Commonwealth v.**

*Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002).[4]  Counsel's decision to forego pursuing any ineffective assistance of counsel's claims on direct appeal was in perfect accordance with the law and did not preclude Minngia from raising these claims on collateral review.  We therefore find Minngia's final allegation of ineffective assistance of counsel to be unavailing.

Based on the foregoing, we agree with counsel's conclusion that Minngia's appeal lacks merit.  Accordingly, we affirm the order of the PCRA court dismissing Minngia's petition for post-conviction relief and grant counsel's application to withdraw.

Order affirmed.  Petition to withdraw as counsel is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2014

_____

[4] While the direct appeal was pending, this Court decided **Commonwealth v. Barnett**, 25 A.3d 371 (Pa. Super. 2011) (*en banc*).  In that case, the *en banc* panel concluded that we "cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an 'express, knowing and voluntary waiver of PCRA review.'" **Id**. at 377 (citing **Commonwealth v. Liston**, 602 Pa. 10, 22, 977 A.2d 1089, 1096 (2009) (Castille, C.J., concurring)).